**Slip. Op. 07 – 108**

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                    )
FORMER EMPLOYEES OF                 )  Before: The Hon. Richard W.
INDEPENDENT STEEL CASTINGS          )        Goldberg, Senior Judge
COMPANY, INC.,                      )
                      Plaintiffs,   )  Court No. 06-00338
                                    )
        v.                          )  **PUBLIC VERSION**
                                    )
UNITED STATES DEPARTMENT            )
OF LABOR,                           )
                      Defendant.    )
_____)
```

**OPINION**

[Labor's determination regarding ATAA eligibility is remanded.]

Dated: July 10, 2007

<u>Joyce Goldstein & Associates</u> (<u>Joyce Goldstein</u> and <u>Gina
Fraternali</u>) for the Plaintiffs.

<u>Peter D. Keisler</u>, Assistant Attorney General; <u>Jeanne E.
Davidson</u>, Director; <u>Patricia M. McCarthy</u>, Assistant Director,
Commercial Litigation Branch, Civil Division, U.S. Department of
Justice (<u>Tara J. Kilfoyle</u>), for the Defendant.

**GOLDBERG, Senior Judge**:  Independent Steel Castings Company

("ISCCO"), based in New Buffalo, Michigan, produced steel,

aluminum and bronze mold and cast products.  The plant closed on

May 27, 2005.  On March 2, 2006, thirty-nine former employees of

ISCCO ("Plaintiffs") filed a petition with the U.S. Department

of Labor ("Labor") for Trade Adjustment Assistance ("TAA") and

Alternative TAA ("ATAA"), pursuant to 19 U.S.C. §§ 2271-2273,

2318.

On July 14, 2006, Labor certified Plaintiffs as eligible to apply for TAA benefits but denied their eligibility to apply for ATAA benefits, citing a failure to satisfy one of the ATAA group eligibility criteria.  On July 17, 2006, Plaintiffs sent Labor a request for reconsideration of Labor's negative determination with regard to ATAA group eligibility.  This request was also denied.

Plaintiffs filed a complaint with this Court on October 6, 2006, and subsequently filed a motion, pursuant to USCIT Rule 56.1, for judgment upon the agency record.  Plaintiffs seek the reversal of Labor's negative determination regarding ATAA eligibility and Labor's denial of the motion for reconsideration.  They argue that Labor's conclusions are not supported by substantial evidence and ask the Court to order Labor to certify Plaintiffs as eligible to apply for ATAA.  In the alternative, Plaintiffs ask the Court to remand the case back to Labor with instructions to conduct a more thorough investigation.  In response, Labor argues that this Court lacks authority to order Labor to certify Plaintiffs as eligible for ATAA benefits, and, moreover, that there is substantial evidence to support Labor's conclusions.

This Court has jurisdiction under 28 U.S.C. § 1581(d)(1). Because this Court finds that Labor's conclusions regarding Plaintiffs' ATAA group eligibility are not supported by

substantial evidence, this action is remanded to Labor for

further proceedings consistent with this opinion.

## I. <u>BACKGROUND</u>

### A. Relevant Legal Framework

TAA and ATAA are government programs designed to assist

workers who have become unemployed due to the effects of

international trade.  <u>See</u> <u>Former Employees of Int'l Bus. Machs.</u>

<u>Corp. v. U.S. Sec'y of Labor</u>, 29 CIT __, __, 403 F. Supp. 2d

1311, 1314 (2005).  The goal of these programs is to help trade-

affected workers quickly reenter the workforce.  <u>See</u> U.S. Gov.

Accounting Office, <u>TAA: Reforms Have Accelerated Training</u>

<u>Enrollment, but Implementation Challenges Remain</u>, GAO-04-1012,

Sept. 2004, at 25 ("GAO Report 04-1012").  The ATAA program was

created specifically for older TAA-certified workers for whom

retraining may not be appropriate.  <u>Former Employees of BMC</u>

<u>Software, Inc. v. U.S. Sec'y of Labor</u>, 30 CIT __, __, 454 F.

Supp. 2d 1306, 1310 n.5 (2006).  It provides a wage subsidy for

such workers who quickly obtain reemployment at a lower wage

than what they previously earned.  <u>See</u> U.S. Gov. Accounting

Office, <u>TAA: Most Workers in Five Layoffs Received Services, but</u>

<u>Better Outreach Needed on New Benefits</u>, GAO-06-43, Jan. 2006, at

9.

For an individual worker to receive benefits under ATAA,

(1) the worker group must be certified as ATAA-eligible, and (2)

the worker must be individually certified as ATAA-eligible.  See

19 U.S.C. § 2318 (Supp. IV 2004).  Labor considers three

criteria to determine whether to grant group certification under

the ATAA.  See ATAA Program: Training and Employment Guidance

Letter Interpreting Federal Law ("Guidance Letter"), 69 Fed.

Reg. 60,904, 60,904-05 (Dep't of Labor Oct. 13, 2004).  These

three criteria are:

> (I)    Whether a significant number of workers in the
>        workers' firm are 50 years of age or older.
>
> (II)   Whether the workers in the workers' firm possess
>        skills that are not easily transferable.
>
> (III)  The competitive conditions within the workers'
>        industry.

19 U.S.C. § 2318(a)(3)(A)(ii).  Then, to be individually

eligible for ATAA benefits, the worker must, inter alia, be at

least fifty years of age and obtain reemployment not more than

twenty-six weeks after the date of separation from the

adversely-affected employment.  Id. § 2318(a)(3)(B)(ii)-(iii).

**B. Labor's Investigation**

On July 14, 2006, Labor published its determinations in the

Federal Register certifying Plaintiffs as eligible to apply for

TAA benefits, but denying their eligibility to apply for ATAA

benefits.  Notice of Determinations Regarding Eligibility to

Apply for Worker Adjustment Assistance and Alternative Trade

Adjustment Assistance ("Notice of Determinations"), 71 Fed. Reg.

40,156, 40,157 (Dep't of Labor July 14, 2006).  The denial of

ATAA eligibility was based on Labor's determination that one of

the ATAA criteria, whether the workers in the workers' firm

possess skills that are not easily transferable, had not been

satisfied.  Id.  On July 17, 2006, Plaintiffs sent Labor a

request for administrative reconsideration of Labor's negative

determination, pursuant to 29 C.F.R. § 90.18(c).  In support of

their request for reconsideration, and in an attempt to provide

Labor with "facts not previously considered," id., Plaintiffs

submitted assorted statistics showing unemployment rates in New

Buffalo and the surrounding parts of Michigan.  On July 31,

2006, Labor sent Plaintiffs a letter denying their application

for administrative reconsideration.  In that letter, Labor

bolstered its determination that the Plaintiffs possess skills

that are easily transferable by divulging that during Labor's

initial investigation, an ISCCO company official had revealed

that each of the separated workers in question had been offered

positions at another foundry in the area.  Pls.' Mot. App. A 99

(Letter from Linda G. Poole, Certifying Officer, Department of

Labor, Division of Trade Adjustment Assistance, to Thomas C.

Carey, Associate General Counsel, International Union, United

Automobile, Aerospace and Agriculture Implement Workers of

America (July 31, 2006)) ("Letter from Labor").

The confidential administrative record later revealed that
[   ].  Labor issued its negative determination with regard to the
Plaintiffs' ATAA eligibility.

## II. <u>STANDARD OF REVIEW</u>

Based on the record, Labor's findings of fact are
conclusive if supported by substantial evidence.  <u>See</u> 19 U.S.C.
§ 2395(b) (Supp. IV 2004).  Under the substantial evidence
standard, the court is "not free to substitute its judgment for
that of the agency . . . ."  <u>Int'l Bus. Machs.</u>, 29 CIT at __,
403 F. Supp. 2d at 1324.  On the other hand, substantial
evidence is more than a "mere scintilla," <u>e.g.</u>, <u>Former Employees</u>
<u>of Chevron Prods. Co. v. U.S. Sec'y of Labor</u>, 27 CIT 1135, 1143,
279 F. Supp. 2d 1342, 1349 (2003) (quotation marks omitted), and
"must do more than create a suspicion of the existence of the
fact to be established . . . ."  <u>SSIH Equip. S.A. v. U.S. Int'l</u>
<u>Trade Comm'n</u>, 718 F.2d 365, 382 (Fed. Cir. 1983) (quotation
marks omitted).  Furthermore, all rulings based on the agency's
findings of fact must not be arbitrary and capricious, but
rather the result of reasoned analysis.  <u>See</u> <u>Former Employees of</u>
<u>Gen. Elec. Corp. v. U.S. Dep't of Labor</u>, 14 CIT 608, 611 (1990).
"Courts have not hesitated to set aside agency determinations
which are the product of perfunctory investigations."  <u>Int'l</u>
<u>Bus. Machs.</u>, 29 CIT at __, 403 F. Supp. 2d at 1315.

### III. **DISCUSSION**

The issue before the Court is whether Labor's finding that Plaintiffs' skills are easily transferable is supported by substantial evidence.

Plaintiffs contend that Labor's finding of fact is not supported by substantial evidence by arguing that (1) a job offer does not constitute substantial evidence that workers' skills are easily transferable, (2) [ ] statements are unreliable and therefore do not constitute substantial evidence, and (3) Labor cannot rely on [ ] that Plaintiffs' skills are easily transferable because this is a legal conclusion.

Labor contends that there is substantial evidence to support its conclusion that Plaintiffs' skills are easily transferable to other positions in the local commuting area.   In support of this, Labor argues that (1) it conducted a reasonable investigation and, (2) it properly relied upon the factual statements of a knowledgeable company official in reaching its determination.

Due to the nature of the TAA programs, Labor is "obligated to conduct [its] investigation with <u>the utmost regard</u> for the interest of the petitioning workers." <u>BMC Software</u>, 30 CIT at __, 454 F. Supp. 2d at 1312 (quotation marks omitted).   The second criterion for ATAA group eligibility—that the workers' skills are not easily transferable to other employment—prevents

workers who obtain new employment requiring similar skills from

receiving wage insurance benefits under ATAA.  See GAO Report

04-1012 at 26.  Labor's own guidelines provide instructions on

how to gather evidence for this criterion:

> For criterion 2, the necessary information will . . .
> be obtained through telephone communication with the
> appropriate company official at the subject firm.
> Specifically, the company official will be asked to
> confirm that the worker group for whom a petition has
> been filed possesses job skills that are not easily
> transferable to other employment, with a focus on what
> skills the worker possesses.  Should the company
> official be unable to provide information as to
> whether the skills are easily transferable, the state
> . . . will be asked to furnish the assessment.

Guidance Letter, 69 Fed. Reg. at 60,905 (emphasis added).

In addition to requiring non-transferability of skills at

the group certification level, one of the requirements of

individual ATAA eligibility is that the workers must obtain new

employment within twenty-six weeks of separation.  19 U.S.C. §

2318(a)(3)(B)(ii).  In other words, while the program requires

workers to find reemployment quickly, it only covers those who

quickly find reemployment requiring different skills.  See

Guidance Letter, 69 Fed. Reg. at 60,905 ("Under the ATAA

program, workers in an eligible worker group who are at least 50

years of age and who obtain different, full-time employment

within 26 weeks of separation from adversely-affected employment

at wages less than those earned in the adversely-affected

employment [will be eligible for ATAA benefits]." (emphasis

added)).  As such, the program's wage subsidy is clearly

designed to encourage older workers who might have difficulty

finding reemployment that utilizes their existing skill-sets to

quickly reenter the labor market by accepting lesser-paying

jobs.

In this case, Labor appears to have lost sight of the

purpose of this criterion and, particularly, the evidence

required to satisfy it.[1]  [ ].  While [ ] provided ample room for

<u>assumptions</u> as to the skills of the workers and the types of

jobs that were offered, nothing [ ], or anywhere else in the

record, provides information regarding the actual skills of the

petitioning workers that would assist a Labor investigator in

assessing whether this criterion has been satisfied.

---

[1] It should be mentioned that Plaintiffs appear to have similarly
lost sight of the purpose of this criterion.  The evidence that
Plaintiffs proffered in their application for reconsideration of
the initial negative determination regarding ATAA group
eligibility spoke only to unemployment statistics in the area
surrounding New Buffalo.  <u>See</u> Pls.' Mot. App. A 87–88 (Letter
from Thomas C. Carey, Associate General Counsel, International
Union, United Automobile, Aerospace and Agriculture Implement
Workers of America, to Edward Tomchick, Program Manager,
Division of Trade Adjustment Assistance, United States
Department of Labor, Attach. B–D (July 17, 2006)).  As Labor
noted in its denial of the request for reconsideration, general
unemployment figures speak neither to the skills that the
Plaintiffs possess nor to the skills required by jobs
potentially available to Plaintiffs.  <u>See</u> Pls.' Mot. App. A 99
(Letter from Labor).

Moreover, [ ].[2]  Labor "cannot simply adopt as its own the

legal conclusions of employers . . . .  Rather, the agency must

reach its own conclusions, based on its own thoughtful,

thorough, independent analysis of all relevant record facts."

Int'l Bus. Machs., 29 CIT at ___, 403 F. Supp. 2d at 1331.

Indeed, "it is Labor's responsibility, not the responsibility of

the company official, to determine whether a former employee is

eligible for benefits."  Former Employees of Federated Merch.

Group v. United States, Slip. Op. 05-16, 2005 WL 290015, at *6

(CIT Feb. 7, 2005).  [ ] cannot, without more, constitute

substantial evidence that the Plaintiffs' skills are easily

transferable.

    [ ] is not instructive as to the workers' skills because [

] fails to provide substantial evidence of skills either

possessed by the workers or required by the jobs that they were

allegedly offered.

    The only evidence in the record that speaks to the

transferability of skills is that Plaintiffs worked at a steel,

aluminum and bronze mold and cast products plant, and that they

were offered jobs at a nearby "foundry."  See supra Part I.B.

Given the requirement that workers be employed within twenty-six

weeks of separation in order to be individually eligible for

ATAA benefits, 19 U.S.C. § 2318(a)(3)(B)(ii), it would be

_____

[2] [ ]

inapposite if evidence of a job offer alone could disqualify a
worker group.  The discovery that Plaintiffs were offered jobs
at a nearby foundry might give rise to a suspicion that they
were offered jobs similar to those that they had held at ISCCO.
However, without more information regarding the skills that the
workers possess and the skills required by the jobs that they
were allegedly offered, this evidence does not constitute
substantial evidence that the workers possess skills that are
easily transferable to other employment.

     This Court is not persuaded by Plaintiffs' assertion that
Labor is not entitled to rely on the factual statements by [ ].
Labor is "entitled to base an adjustment assistance eligibility
determination on statements from company officials if [Labor]
reasonably concludes that those statements are creditworthy and
are not contradicted by other evidence."  Former Employees of
Marathon Ashland Pipe LLC v. Chao, 370 F.3d 1375, 1385 (Fed.
Cir. 2004).  First, as Labor points out, [ ].  Plaintiffs'
contention that [ ], even if true, is not significant enough of
an error to question [ ] credibility with regard to the
information relating to criterion two.  Second, there is no
evidence in the record to contradict the relevant information
that [ ] provided Labor.  Plaintiffs' unemployment statistics
are too general to give Labor good cause to question the
veracity of the specific information provided by [ ].

Accordingly, Labor's failure to satisfy the requirements of 19

U.S.C. § 2318(a)(3)(A)(ii) is not due to the source of the

evidence procured, but rather its lack of substantiality.

Finally, given that further fact-finding is required to

determine the outcome of the ATAA petition, remand is the

appropriate remedy.  <u>See</u> 19 U.S.C. § 2395(c).  As such, the

Court need not address the issue of court-ordered certification

in the instant case.  <u>See</u> <u>Former Employees of Int'l Bus. Machs.</u>

<u>Corp. v. U.S. Sec'y of Labor</u>, 31 CIT at ___, 483 F. Supp. 2d

1284, 1337 (2007) ("[I]f a case of court-ordered certification

is to have any shot at surviving on appeal, it must be a clear-

cut case where another remand would be plainly futile.").

## IV. <u>CONCLUSION</u>

For the foregoing reasons, this matter is hereby remanded

to Labor for reconsideration of Plaintiffs' ATAA group

eligibility, with specific instructions to acquire more

information on criterion two.  A separate order will be issued

accordingly.

/s/ Richard W. Goldberg____
**Richard W. Goldberg**
**Senior Judge**

**Date:**      **July 10, 2007**
             **New York, New York**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| FORMER EMPLOYEES OF INDEPENDENT STEEL CASTINGS COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Defendant, | Before: Richard W. Goldberg, Senior Judge <br><br> Court No. 06-00338 |

## ORDER

Upon consideration of Plaintiffs' motion for judgment upon the agency record and briefs in support thereof, Defendant's brief in opposition thereto, upon all other papers and proceedings had herein, and upon due deliberation, it is hereby

**ORDERED** that Labor's negative determination of Plaintiff's ATAA eligibility is remanded; and it is further

**ORDERED** that Labor shall, if it is able, point to other record evidence or conduct further investigations to determine whether the Plaintiffs possess skills that are not easily transferable; and it is further

**ORDERED** that Labor shall, within forty (40) days of the date of this Order, issue a remand determination in accordance with the instructions provided herein; and it is further

**ORDERED** that the parties may, within twenty (20) days of the date on which Labor issues its remand determination, submit briefs addressing Labor's remand determination, not to exceed twenty (20) pages in length; and it is further

**ORDERED** that the parties may, within fifteen (15) days of the date on which briefs addressing Commerce's remand determination are filed, submit response briefs, not to exceed fifteen (15) pages in length.

SO ORDERED.

/s/ Richard W. Goldberg
**Richard W. Goldberg**
**Senior Judge**

Date:     July 10, 2007
          New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                             Deputy Clerk